IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVEL JONES,<br><br>    Plaintiff,<br><br>vs.<br><br>SHERIFF OFFICER UNKNOWN OF LANCASTER COUNTY, et al.,<br><br>    Defendants. | 8:20CV365<br><br>**MEMORANDUM<br>AND ORDER** |

  In the court's initial review of Plaintiff's pro se Complaint, the court found that several of Plaintiff's allegations failed to state a claim upon which relief could be granted and that amendment of such claims would be futile.[1] The court also found

---

[1] These claims were:

- 42 U.S.C. §§ 1981, 1985, 1986, 1987, and 1988 claims
- Claims for money damages against the NRC, NDCS, and NDHHS and their employees in their official capacities.
- Claims against Defendants Lancaster County Sheriff Department, Lancaster County Public Defender Office, Lancaster County Department of Corrections, Nebraska Police Department of Lincoln
- Claim (1) (No Jurisdiction Over Plaintiff)
- Claim (3) (Legality of Underlying Criminal Conviction)
- Claim (4) (Public Defender's Performance)
- Claim (6) (Failure to Transfer to Lincoln Regional Center)
- Claim (9) (Deprivation of Flyer, Ink Pen & Leftover Holiday Food)
- Claim (11) (Practicing Mental-Health Care Without License)

(Filing 11 at CM/ECF p. 27.) Because Plaintiff's Complaint was simply a litany of allegations not divided or organized by claim or occurrence, the court developed numbered claims in an attempt to identify and organize Plaintiff's claims.

that three plausible claims could proceed to service of process.[2] Finally, the court allowed Plaintiff to amend his Complaint as to six other claims.[3] The order warned Plaintiff that, "PLAINTIFF'S AMENDED COMPLAINT **SHALL NOT** CONTAIN CLAIMS OR DEFENDANTS THAT HAVE BEEN DISMISSED WITHOUT LEAVE TO AMEND." (Filing 11 at CM/ECF p. 29.)

In violation of the court's order, Plaintiff's 40-page Amended Complaint (not counting 109 pages of attached exhibits) (Filing 12) contains allegations that the court already decided failed to state a claim upon which relief could be granted and would be futile to amend; names Defendants in their official capacities who have already been dismissed; names approximately 43 additional Defendants plus four different groups of "unnamed Jane's and John Doe's 1 to 50"; and contains numerous additional allegations regarding another institution, the Lincoln Regional Center. Like Plaintiff's first Complaint, his Amended Complaint is a morass of allegations not organized by claim, transaction, occurrence, or chronology.

While the court could order Plaintiff to file yet another amended complaint to allow Plaintiff to properly comply with Fed. R. Civ. P. 8 (pleading that states a claim for relief must contain short and plain statement of claim showing that pleader is entitled to relief), Fed. R. Civ. P. 10 (each claim founded on separate occurrence must be stated in separate count if doing so would promote clarity), and Fed. R. Civ.

---

[2] Those claims are: Claim (5) (Substantive Due Process Claim Regarding Consequences for Failure to Participate in Treatment); Claim (10) (Procedural Due Process Claim Regarding Disciplinary Procedures); and Claim (12) (Contract Attorney's Failure to Assist). (Filing 11 at CM/ECF p. 27.)

[3] Those claims are: *Monell* municipal liability claims against the City of Lincoln, Lancaster County, and employees thereof in their official capacities; Claim (2-a) (Municipality's Failure to Train) and (2-b) (1983 Civil Conspiracy to Deprive Plaintiff of Constitutional Rights); Claim (7) (Access to Courts); Claim (8) (Searching Patient Cells); Claim (13) (Forced Signing of Documents); and Claim (14) (Erroneous Administration of Medication). (Filing 11 at CM/ECF p. 27.)

P. 20 (plaintiff may sue multiple defendants if right to relief asserted against them arises out of the same transaction, occurrence, or series of transactions or occurrences and question of law or fact common to all defendants will arise in the action), the court will instead sift through Plaintiff's Amended Complaint to consider only those allegations that pertain to the claims that have been deemed sufficient to go forward and that Plaintiff was given leave to amend.[4]

**Claim of *Monell* Municipal Liability Against City of Lincoln, Lancaster County & Employees Thereof in Official Capacities[5] & Claim (2-a) Municipality's Failure to Train**

Plaintiff's Amended Complaint fails to allege sufficient facts indicating that an official policy, unofficial custom, or a deliberately indifferent failure to train or supervise on the part of the City of Lincoln, Lancaster County, or employees thereof in their official capacities were the moving force behind any of the alleged constitutional violations contained in the claims that have been allowed to go forward or which Plaintiff has been allowed to amend. *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (elements of municipal liability); *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016) (same). Rather, the only allegations Plaintiff makes are that Defendant Joe Negro, Chief Public Defender for Lancaster County, "failed to train Deputy Public Defend[er] Kristi J. Egger, in this civil conspiracy against Plaintiff" (Filing 12 ¶ 22) and that "Defendant City of Lincoln failed to train the police officers involved in this civil conspiracy against Plaintiff." (Filing 12 ¶ 26.) Because there is no live claim that Egger or City of Lincoln police officers committed an underlying constitutional violation, there can be no claim that a municipality's failure to train Egger or the officers caused a constitutional

---

[4] The applicable standard of review and elements for each of Plaintiff's claims have been discussed on initial review (Filing 11) and will not be repeated here.

[5] This claim is unnumbered because it was discussed in the context of the type of claim that could be brought against certain Defendants instead of in the context of Plaintiff's specific claims.

3

violation. *Royster v. Nichols*, 698 F.3d 681, 692 (8th Cir. 2012) (failure-to-train claim cannot be sustained absent underlying constitutional violation by allegedly improperly trained person); *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 673 (8th Cir. 2007) (underlying constitutional violation by subordinate required for liability on part of person who allegedly failed to train subordinate).

Accordingly, any purported *Monell* claims against the City of Lincoln, Lancaster County, and employees thereof in their official capacities will be dismissed.

**Claim (2-b) (1983 Civil Conspiracy)**

As explained in the court's previous Memorandum and Order (Filing 11 at CM/ECF pp. 17-18), to properly plead a section 1983 conspiracy, "a complaint must allege specific facts suggesting that there was a mutual understanding among the conspirators to take actions directed toward an unconstitutional end." *Duvall v. Sharp*, 905 F.2d 1188, 1189 (8th Cir. 1990). "[T]he plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Holmes v. Slay*, 895 F.3d 993, 1001 (8th Cir. 2018) (internal quotation marks and citation omitted).

Here, as in Plaintiff's original Complaint, Plaintiff repeatedly parrots the phrases "in this civil conspiracy against Plaintiff" or "acquiesces in this civil conspiracy against Plaintiff" throughout the Amended Complaint without providing particularity, specifics, or material facts describing an agreement to take actions toward an unconstitutional end. Therefore, Plaintiff necessarily fails to state a section 1983 conspiracy claim upon which relief can be granted.

**Claim (5) (Substantive Due Process Claim Regarding Consequences for Failure to Participate in Treatment)**

Plaintiff alleges that the Norfolk Regional Center ("NRC") has a custom, policy, and practice of treating sex offenders in a way that increases the duration of

their confinement and revokes privileges if the offenders refuse to participate, and that several Defendants acted pursuant to this policy against him. This claim is asserted against Verlin Redlinger, Carol, Steve Lindstadt, Michelle, Bonnie Bergland, Dayna, Tracy, Lisa Weible, Christ, Ryan, Larry Sohler, Hunter Lewis, Brittny, Matthew Lewis, Nancy, Security Specialist IIs on 3-East Unknown, Security Specialist IIs on 2-East Unknown, and Security Specialist IIs on 3-West Unknown (Filing 12 ¶¶ 27, 40, 83, 85, 87, 88, 89, 96.)

As stated in the court's Memorandum and Order on initial review (Filing 11 at CM/ECF p. 19), and because Plaintiff's Amended Complaint contains sufficient allegations to state a claim, this claim will go forward. *Strutton v. Meade*, 668 F.3d 549, 557-58 (8th Cir. 2012) (district court properly analyzed substantive due process claims to determine whether state action of eliminating certain classes and modifying process groups for civilly committed residents at sex-offender treatment center was so arbitrary or egregious as to shock the conscience).

However, because Plaintiff names several of the Defendants involved in this claim by first name only, Plaintiff will be granted leave to file a supplemental amended complaint for the *sole purpose* of providing the missing last names so service of process can occur as to those Defendants (i.e., Defendants Carol, Michelle, Dayna, Tracy, Christ, Ryan, Brittny, and Nancy). As to the Defendants referred to as "Security Specialist IIs on 3-East Unknown, Security Specialist IIs on 2-East Unknown, and Security Specialist IIs on 3-West Unknown," "[i]t is generally impermissible to name fictitious parties as defendants in federal court, but 'an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). Because it appears that the unnamed Security-Specialist Defendants could be identified after discovery, this claim will be permitted to proceed against these Defendants, but service of process on them will be delayed until, and if, they are identified.

5

**Claim (8) (Searching Patient Cells)**

Plaintiff alleges that the NRC has a policy of searching patients' cells outside of their presence, including searching through legal documents, personal letters, clothing, drawers, and under the beds, and failing to issue "search forms" after the search is concluded. Plaintiff claims that Kris Boe Simmons, security team members, compliance team members, and "all other[] team[] members as therapy's team members" searched his property and retained many of his legal documents. (Filing 12 ¶¶ 30, 80.) Plaintiff also claims that Kolten Newhalve, James Johnson, Matthew Lewis, Tyler, Chris Newhaus, Hunter Lewis, Cameron, Edgar, Josh Dieterman, Corey, Stephanie Owens, Don Whitmire, and Drew English performed searches of his room outside of Plaintiff's presence. (Filing 12 ¶¶ 90, 91.)

"[I]nvoluntarily civilly committed persons retain the Fourth Amendment right to be free from unreasonable searches that is analogous to the right retained by pretrial detainees." *Arnzen v. Palmer,* 713 F.3d 369, 372 (8th Cir. 2013) (internal quotation marks and citation omitted). To determine "reasonableness" in an institutional setting, a court must balance "the need for the particular search against the invasion of personal rights that the search entails." *Bell v. Wolfish,* 441 U.S. 520, 559 (1979). In applying the balancing test, a court must consider "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell,* 441 U.S. at 559. A court must defer to the judgment of institutional officials "unless the record contains substantial evidence showing their policies are an unnecessary or unjustified response to problems of institutional security." *Arnzen,* 713 F.3d at 373 (internal quotation marks and citation omitted).

Plaintiff has stated a plausible Fourth Amendment claim. As with Claim (5), discussed above, Plaintiff will be granted leave to file a supplemental amended complaint for the *sole purpose* of providing the missing last names of the Defendants who have been named with first names so service of process can occur as to those Defendants (i.e., Defendants Tyler, Cameron, Edgar, and Corey). As to the

Defendants referred to as "security team members" and "compliance team members,"[6] this claim will be permitted to proceed against these Defendants, but service of process on them will be delayed until, and if, they are identified after reasonable discovery.

**Claim (10) (Procedural Due Process Claim Regarding Disciplinary Procedures)**

Plaintiff alleges that when he was accused of rule violations in three instances, he did not have the right to address the allegations and evidence against him at a disciplinary hearing, to present witnesses on his behalf, to have legal assistance, to prepare a defense, or to appeal the decisions of the treatment team. Plaintiff claims that these accusations have caused an increase in the duration of his confinement, affected his "scoring levels," and caused privilege suspension without notice. This claim is asserted against Kathy Herian, Rosetta McAllister, and Dawn Collins. (Filing 12 ¶¶ 34, 63.)

As stated in the court's Memorandum and Order on initial review (Filing 11 at CM/ECF p. 22), and because Plaintiff's Amended Complaint contains sufficient allegations to state a claim, this claim will go forward as against Defendants Kathy Herian, Rosetta McAllister, and Dawn Collins.

**Claim (12) (Attorney's Failure to Assist) & Claim (7) (Access to Courts)**

Upon review of Plaintiff's Amended Complaint, the court construes these two claims as one access-to-the-courts claim. Plaintiff claims that Defendant Whittamore-Mantzios, an attorney who is under contract with the Nebraska

---

[6] Plaintiff's reference to "all other[] team[] members as therapy's team members" is not clear enough to conclude that such team members could be identified after reasonable discovery. *See, e.g., Roe v. Nebraska*, No. 4:15CV3071, 2015 WL 6159212, at *4 (D. Neb. Oct. 20, 2015) (dismissing claims alleged against unknown "agents and employees" of the State), *aff'd*, 861 F.3d 785 (8th Cir. 2017).

7

Department of Health and Human Services to assist patients like Plaintiff with legal issues, refused to help him with this case, thereby impeding his access to the courts. (Filing 12 ¶ 57.) Plaintiff also alleges that he is being denied access to the courts because of the NRC's 12-inch legal paper limit and the lack of a law dictionary, telephone book, Nebraska bar directory, and legal aid or paralegal to assist him in performing computerized legal research. Plaintiff states he needs such resources "to formulate his defense in his cases in this court." Plaintiff also complains that he is not allowed to use the law library all seven days of the week. Plaintiff asserts this claim against librarians Lisa Weible and Bonnie Bergland. (Filing 12 ¶¶ 29, 31, 94).

To prove a violation of the right of meaningful access to the courts, Plaintiff must establish that Defendants did not provide him with an opportunity to litigate his claim in "a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citation omitted). "To prove actual injury, [Plaintiff] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id.* (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

Here Plaintiff fails to allege facts indicating that the absence of various legal items and privileges hindered his ability to bring an arguably meritorious legal claim. Rather than alleging actual injury that resulted from Plaintiff's inability to bring a specific legal claim, Plaintiff broadly alleges that he needs such items "to formulate his defense in his cases." As with Plaintiff's original Complaint, Plaintiff's Amended Complaint fails to state an access-to-the-courts claim.

## Claim (13) (Forced Signing of Documents)

Plaintiff states that two unknown female receptionists forced Plaintiff to sign unknown papers and documents when he arrived at the NRC in violation of state and federal administrative regulations addressing patient rights. Plaintiff claims that if these receptionists "had informed Plaintiff of his rights during the admission process,

8

Plaintiff would have refused sex offender treatment without a court order." (Filing 12 ¶ 58.)

To the extent Plaintiff attempts to bring a section 1983 claim for the violation of state administrative regulations, Plaintiff fails to state a claim for relief. *See Smith v. Rucker*, 259 F.3d 933, 934 (8th Cir. 2001) (holding that inmate's allegation that prison officials violated his due process rights by failing to follow administrative regulations did not state a claim; Due Process Clause does not federalize state-law procedural requirements); *Hughes v. Lee Cnty. Dist. Court*, 9 F.3d 1366, 1367 (8th Cir. 1993) (holding that inmate's assertion that state violated its own procedural guidelines does not state federal claim).

Plaintiff also appears to attempt to bring a section 1983 claim for violation of federal regulations by use of a "see also" citation to "The Code of Federal Regulations at A-0039, § 482.13(A) Standard: Notice of Rights; A-0040 § 482.13(A)(1) A hospital must inform each patient of his rights." (Filing 12 at CM/ECF pp. 25-26.) This is apparently a reference to 42 C.F.R. § 482.13(a)(1) (Westlaw 2021), which states: "A hospital must inform each patient, or when appropriate, the patient's representative (as allowed under State law), of the patient's rights, in advance of furnishing or discontinuing patient care whenever possible." This claim fails because (1) Plaintiff does not allege a violation of his constitutional rights, *Wong v. Minnesota Dep't of Hum. Servs.*, 820 F.3d 922, 935 (8th Cir. 2016) ("When a plaintiff fails to state a violation of a right secured by the Constitution and laws of the United States a § 1983 claim cannot succeed."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States. . . .") (internal quotation marks and citation omitted); and (2) this regulation does not provide for a private cause of action, *Smith v. Univ. of Minn. Med. Ctr.- Fairview Riverside*, No. CIV.09-293, 2010 WL 3893902, at *16 (D. Minn. July 14, 2010), *report and recommendation adopted,* No. CIV.09-0293, 2010 WL 3893849 (D. Minn. Sept. 30, 2010) (nothing in 42 C.F.R. § 482.13 provides for private cause of action, nor does the statute authorizing the regulation).

9

Accordingly, this claim will be dismissed for failure to state a claim upon which relief can be granted.

### Claim (14) (Erroneous Administration of Medication)

Because Plaintiff makes no factual allegations regarding this claim in his Amended Complaint, he has abandoned this claim.

## CONCLUSION

### A. Claims Permitted to Go Forward

#### (Claim 5) Substantive Due Process Claim Regarding Consequences for Failure to Participate in Treatment

Plaintiff's claim that the NRC has a custom, policy, and practice of treating sex offenders in a way that increases the duration of their confinement and revokes privileges if the offenders refuse to participate, and that several Defendants acted pursuant to this policy against him, may proceed against Defendants Verlin Redlinger, Carol, Steve Lindstadt, Michelle, Bonnie Bergland, Dayna, Tracy, Lisa Weible, Christ, Ryan, Larry Sohler, Hunter Lewis, Brittny, Matthew Lewis, Nancy, Security Specialist IIs on 3-East Unknown, Security Specialist IIs on 2-East Unknown, and Security Specialist IIs on 3-West Unknown in their individual capacities. Plaintiff will be granted leave to file a supplemental amended complaint for the *sole purpose* of providing the missing last names as to Defendants Carol, Michelle, Dayna, Tracy, Christ, Ryan, Brittny, and Nancy so service of process can occur as to those Defendants. As to Defendants Security Specialist IIs on 3-East Unknown, Security Specialist IIs on 2-East Unknown, and Security Specialist IIs on 3-West Unknown, service of process will be delayed until, and if, they are identified by name after reasonable discovery.

### **(Claim 8) Fourth Amendment Claim Regarding Cell Searches**

Plaintiff's claim that NRC employees searched his cell outside of his presence, including searching through and retaining legal documents and searching through personal letters, clothing, drawers, and under his bed may proceed against Defendants Kris Boe Simmons, Security Team Members, Compliance Team Members, Kolten Newhalve, James Johnson, Matthew Lewis, Tyler, Chris Newhaus, Hunter Lewis, Cameron, Edgar, Josh Dieterman, Corey, Stephanie Owens, Don Whitmire, and Drew English in their individual capacities. Plaintiff will be granted leave to file a supplemental amended complaint for the *sole purpose* of providing the missing last names of Defendants Tyler, Cameron, Edgar, and Corey so service of process can occur as to those Defendants. As to the Defendants Security Team Members and Compliance Team Members, service of process will be delayed until, and if, such team members are identified by name after reasonable discovery.

### **(Claim 10) Procedural Due Process Claim Regarding Disciplinary Procedures**

Plaintiff's claim that he did not have the right to address the allegations and evidence against him at a disciplinary hearing, to present witnesses on his behalf, to have legal assistance, to prepare a defense, or to appeal the decisions of the treatment team when he was accused of rule violations in three instances may proceed against Defendants Kathy Herian, Rosetta McAllister, and Dawn Collins in their individual capacities.

### **B. All Other Claims**

The allegations that the court already decided failed to state a claim on initial review of Plaintiff's initial Complaint—but were nevertheless included in Plaintiff's Amended Complaint contrary to court order—will again be dismissed for failure to state a claim upon which relief can be granted. In addition, all Defendants against

whom Plaintiff makes claims with regard to the Lincoln Regional Center will be dismissed for improper joinder.[7]

IT IS THEREFORE ORDERED:

1. The following claims are permitted to go forward: **(Claim 5) Substantive Due Process Claim Regarding Consequences for Failure to Participate in Treatment** against Defendants Verlin Redlinger, Carol, Steve Lindstadt, Michelle, Bonnie Bergland, Dayna, Tracy, Lisa Weible, Christ, Ryan, Larry Sohler, Hunter Lewis, Brittny, Matthew Lewis, Nancy, Security Specialist IIs on 3-East Unknown, Security Specialist IIs on 2-East Unknown, and Security Specialist IIs on 3-West Unknown in their individual capacities; **(Claim 8) Fourth Amendment Claim Regarding Cell Searches** against Defendants Kris Boe Simmons, Security Team Members, Compliance Team Members, Kolten Newhalve, James Johnson, Matthew Lewis, Tyler, Chris Newhaus, Hunter Lewis, Cameron, Edgar, Josh Dieterman, Corey, Stephanie Owens, Don Whitmire, and Drew English in their individual capacities; and **(Claim 10) Procedural Due Process Claim Regarding Disciplinary Procedures** against Defendants Kathy Herian, Rosetta McAllister, and Dawn Collins in their individual capacities.

2. As to Claim (5) (Substantive Due Process Claim Regarding Consequences for Failure to Participate in Treatment), Plaintiff shall file a supplemental amended complaint providing the missing last names of Defendants

---

[7] Federal Rule of Civil Procedure 20 states that multiple defendants may be joined in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). In addition, there must be a "question of law or fact common to all defendants" in the action. Fed. R. Civ. P. 20(a)(2)(B). Under Federal Rule of Civil Procedure 21, the proper remedy for improper joinder of parties is for the court to "drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21. The court may do so "[o]n motion or on its own." *Id.*

Carol, Michelle, Dayna, Tracy, Christ, Ryan, Brittny, and Nancy so service of process can occur as to those Defendants. As to Claim (8) (Fourth Amendment Claim Regarding Cell Searches), Plaintiff shall file a supplemental amended complaint providing the missing last names of Defendants Tyler, Cameron, Edgar, and Corey so service of process can occur as to those Defendants. The supplemental amended complaint shall be **filed on or before June 30, 2021**, and **shall ONLY contain the above-identified last names**; it shall not contain allegations, claims, discussion, argument, or additional defendants of any kind. Failure to comply with the court's order may result in dismissal of this case without prejudice and without further notice to Plaintiff.

3. Service of process will be ordered only after Plaintiff provides the names identified in paragraph (2) above.

4. The Clerk of the Court shall insert in the case caption the following Defendants and shall terminate all others: Verlin Redlinger, Carol, Steve Lindstadt, Michelle, Bonnie Bergland, Dayna, Tracy, Lisa Weible, Christ, Ryan, Larry Sohler, Hunter Lewis, Brittny, Matthew Lewis, Nancy, Security Specialist IIs on 3-East Unknown, Security Specialist IIs on 2-East Unknown, Security Specialist IIs on 3-West Unknown, Kathy Herian, Rosetta McAllister, Dawn Collins, Kris Boe Simmons, Security Team Members, Compliance Team Members, Kolten Newhalve, James Johnson, Matthew Lewis, Tyler, Chris Newhaus, Cameron, Edgar, Josh Dieterman, Corey, Stephanie Owens, Don Whitmire, and Drew English, all in their individual capacities.

5. The claims that the court already decided failed to state a claim on initial review of Plaintiff's initial Complaint—but were nevertheless included in Plaintiff's Amended Complaint contrary to court order—are dismissed for failure to state a claim upon which relief can be granted. In addition, all Defendants against whom Plaintiff makes claims with regard to the Lincoln Regional Center are dismissed for improper joinder.

6. The following claims originally contained in Plaintiff's initial Complaint which Plaintiff was allowed to amend in his Amended Complaint are dismissed for failure to state a claim upon which relief can be granted: Claim of *Monell* Municipal Liability Against City of Lincoln, Lancaster County & Employees Thereof in Official Capacities; Claim (2-a) (Municipality's Failure to Train); Claim (2-b) (1983 Civil Conspiracy); Claim (7) (Access to Courts); Claim (12) (Attorney's Failure to Assist); Claim (13) (Forced Signing of Documents); and Claim (14) (Erroneous Administration of Medication).

7. The Clerk of the Court shall set a pro se case management deadline as follows: June 30, 2021—supplemental amended complaint providing last names due.

DATED this 9th day of June, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge