IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVEL JONES,<br><br>    Plaintiff,<br><br>vs.<br><br>KATHY HERIAN, 3-East Unit Supervision at Norfolk Regional Center, in her individual capacity; ROSETTA MCALLISTER, R.N. at Norfolk Regional Center, in her individual capacity; VERLIN REDLINGER, Activity Assistant at Norfolk Regional Center, in his individual capacity; KRIS BOE SIMMONS, Director Clinical Program Manager at Norfolk Regional Center, in her individual capacity; STEVE LINDSTADT, Activity Assistant of Personal Development Department at Norfolk Regional Center, in his individual capacity; MICHELLE CLARK, Director of Personal Development Department at Norfolk Regional Center, in her individual capacity; DAYNA BUSCH, Activity Assistant of Personal Development Department at Norfolk Regional Center, in her individual capacity; TRACY DAAKE, Activity Assistant of Personal Development Department at Norfolk Regional Center, in her individual capacity; DAWN COLLINS, Registered Nurse at Norfolk Regional Center, in her individual capacity; CHRISTOPHER LUEBE, Activity Assistant Personal Development Department East at Norfolk Regional Center, in his individual capacity; RYAN WILLS, Activity Assistant Personal Development Department East at Norfolk | 8:20CV365<br><br><br><br>**MEMORANDUM<br>AND ORDER** |

Regional Center, in his individual capacity; CAROL RUGE, in her individual capacity; BONNIE BERGLAND, in her individual capacity; LISA WEIBLE, in her individual capacity; LARRY SOHLER, in his individual capacity; HUNTER LEWIS, in his individual capacity; BRITTANY MARKER, in her individual capacity; MATTHEW LEWIS, in his individual capacity; NANCY WRAGGE, in her individual capacity; SECURITY SPECIALIST IIS ON 3-EAST UNKNOWN, in their individual capacity; SECURITY SPECIALIST IIS ON 2-EAST UNKNOWN, in their individual capacity; SECURITY SPECIALIST IIS ON 3-WEST UNKNOWN, in their individual capacity; SECURITY TEAM MEMBERS, in their individual capacity; COMPLIANCE TEAM MEMBERS, in their individual capacity; KOLTEN NEWHALVE, in his individual capacity; JAMES JOHNSON, in his individual capacity; TYLER STENDER, in his individual capacity; CHRIS NEWHAUS, in his individual capacity; CAMERON LIEWER, in his individual capacity; EDGAR OLIVAN, in his individual capacity; JOSH DIETERMAN, in his individual capacity; COREY BANKS, in his individual capacity; STEPHANIE OWENS, in her individual capacity; DON WHITMIRE, in his individual capacity; and DREW ENGLISH, in his individual capacity;

      Defendants.

Pursuant to the court's June 9, 2021, Memorandum and Order (Filing 13), Plaintiff has provided the last names of several Defendants to enable service of process to occur. Accordingly,

IT IS ORDERED:

1. The Clerk of the Court shall correct the case caption to conform to the above case caption, as spelling has been corrected and last names have been added to several of the named Defendants consistent with information provided by the Plaintiff.

2. The following Defendants shall be served with process in their individual capacities:

KATHY HERIAN
ROSETTA MCALLISTER
VERLIN REDLINGER
KRIS BOE SIMMONS
STEVE LINDSTADT
MICHELLE CLARK
DAYNA BUSCH
TRACY DAAKE
DAWN COLLINS
CHRISTOPHER LUEBE
RYAN WILLS
CAROL RUGE
BONNIE BERGLAND
LISA WEIBLE
LARRY SOHLER
HUNTER LEWIS
BRITTANY MARKER
MATTHEW LEWIS
NANCY WRAGGE
KOLTEN NEWHALVE
JAMES JOHNSON
TYLER STENDER
CHRIS NEWHAUS
CAMERON LIEWER
EDGAR OLIVAN

JOSH DIETERMAN
COREY BANKS
STEPHANIE OWENS
DON WHITMIRE
DREW ENGLISH

3. For service of process on the individual Defendants named in paragraph (2), the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendants using the address "Norfolk Regional Center, 1700 N. Victory Rd., Norfolk, NE 68701" and forward them together with a copy of the Amended Complaint WITHOUT EXHIBITS (Filing 12), a copy of the court's June 9, 2021, Memorandum and Order (Filing 13), and a copy of this Memorandum and Order to the Marshals Service.[1] **The Marshals Service shall serve the above-listed Defendants, personally in their individual capacities, at <u>Norfolk Regional Center, 1700 N. Victory Rd., Norfolk, NE 68701</u>**. Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

4. Service of process on Defendants Security Specialist IIs on 3-East Unknown, Security Specialist IIs on 2-East Unknown, Security Specialist IIs on 3-West

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

Unknown, Security Team Members, and Compliance Team Members will be delayed until, and if, they are identified by name after reasonable discovery.

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

7. Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

DATED this 13th day of July, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge