IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVEL JONES, | |
| Plaintiff, | 8:20-CV-365 |
| vs. | MEMORANDUM AND ORDER |
| KATHY HERIAN, 3-East Unit Supervision at Norfolk Regional Center, in her individual capacity; ROSETTA MCALLISTER, R.N. at Norfolk Regional Center, in her individual capacity; VERLIN REDLINGER, Activity Assistant at Norfolk Regional Center, in his individual capacity; KRIS BOE SIMMONS, Director Clinical Program Manager at Norfolk Regional Center, in her individual capacity; STEVE LINDSTADT, Activity Assistant of Personal Development Department at Norfolk Regional Center, in his individual capacity; MICHELLE CLARK, Director of Personal Development Department at Norfolk Regional Center, in her individual capacity; DAYNA BUSCH, Activity Assistant of Personal Development Department at Norfolk Regional Center, in her individual capacity; TRACY DAAKE, Activity Assistant of Personal Development Department at Norfolk Regional Center, in her individual capacity; DAWN COLLINS, Registered Nurse at Norfolk Regional Center, in her individual capacity; CHRISTOPHER LUEBE, Activity Assistant Personal Development Department East at Norfolk Regional Center, in his individual capacity; RYAN WILLS, Activity Assistant Personal Development Department East at Norfolk Regional Center, in his individual capacity; CAROL RUGE, in her individual capacity; BONNIE BERGLAND, in her individual capacity; LISA WEIBLE, in her individual capacity; LARRY SOHLER, in his | |

1

individual capacity; HUNTER LEWIS, in his individual capacity; BRITTANY MARKER, in her individual capacity; MATTHEW LEWIS, in his individual capacity; NANCY WRAGGE, in her individual capacity; SECURITY SPECIALIST IIS ON 3-EAST UNKNOWN, in their individual capacity; SECURITY SPECIALIST IIS ON 2-EAST UNKNOWN, in their individual capacity; SECURITY SPECIALIST IIS ON 3-WEST UNKNOWN, in their individual capacity; SECURITY TEAM MEMBERS, in their individual capacity; COMPLIANCE TEAM MEMBERS, in their individual capacity; KOLTEN NEWHALVE, in his individual capacity; JAMES JOHNSON, in his individual capacity; TYLER STENDER, in his individual capacity; CHRIS NEWHAUS, in his individual capacity; CAMERON LIEWER, in his individual capacity; EDGAR OLIVAN, in his individual capacity; JOSH DIETERMAN, in his individual capacity; COREY BANKS, in his individual capacity; STEPHANIE OWENS, in her individual capacity; DON WHITMIRE, in his individual capacity; and DREW ENGLISH, in his individual capacity;

Defendants.

## I. INTRODUCTION

Marvel Jones, a civilly confined patient at Norfolk Regional Center, ("NRC") has sued numerous staff members at NRC under 42 U.S.C. § 1983 for violating his substantive due process, procedural due process, and Fourth Amendment rights. Before the Court are two Motions to Dismiss filed by Defendants: one seeking dismissal of Jones's substantive-due-process claim and another requesting the Court dismiss Jones's Fourth Amendment claim. Filing 56; Filing 58. For

the reasons stated herein, the Court grants the motion to dismiss relating to substantive due process and grants in part and denies in part the Fourth Amendment motion to dismiss.

## II. BACKGROUND

This suit arises out of numerous grievances Jones has with his civil confinement at NRC. NRC is a facility that performs inpatient sex offender treatment programs. Filing 12-1 at 98. After the Nebraska Mental Health Board determined that Jones was a dangerous sex offender, Filing 12-1 at 15, it placed him in inpatient commitment with the Nebraska Department of Health and Human Services ("NDHHS") for sex offender treatment. Filing 12-1 at 15. On August 22, 2018, NDHHS transferred Jones to NRC. Filing 12-1 at 98.

On June 10, 2020, Jones sued over ninety individuals for an assortment of constitutional violations. Filing 1. In a June 9, 2021, screening order, Senior Judge Richard G. Kopf determined that Jones's suit could proceed against thirty-five defendants on three claims. Filing 13 at 12–14. One of these claims is a substantive-due-process claim regarding consequences Jones claims he suffered for his failure to participate in his treatment program. Filing 1 at 10. According to Jones, NRC has a custom, policy, and practice of treating sex offenders in a way that increases the duration of their confinement and revokes privileges if the offenders refuse to participate in their treatment. Filing 12 at 14–16. Jones alleges that, pursuant to this policy, several defendants undertook actions which harmed him. Filing 12 at 14–16, 32–34, 36–37. Specifically, Jones claims that several defendants have violated his liberty interests by imposing privilege restrictions and reducing his "scoring levels"[1] because he refused to participate in his treatment program. Filing 12 at 14–16, 32–34, 36–37 . According to Jones, this has the effect of lengthening his civil confinement. Filing 12 at 14–16, 32–34, 36–37.

---

[1] The "score levels" at NRC measure the progress of patients by evaluating various categories such as Treatment Engagement, Accepting Feedback, Compliance with Rules, and other categories. Filing 12-1 at 33–37.

3

Jones also brings a claim against several defendants for violating his Fourth Amendment rights. According to Jones, NRC employees searched his cell outside of his presence. Filing 12 at 34–35. Jones claims that NRC employees searched through and retained legal documents and looked through personal letters, clothing, drawers, and under his bed. Filing 12 at 17, 31. In some of these searches, Jones alleges that the defendants failed to issue a "search form" after the search concluded. Filing 12 at 17.

Finally, Jones brings a claim for violation of his procedural-due-process rights. Jones alleges that when he was accused of rule violations in three instances, he did not have the right to address the allegations and evidence against him at a disciplinary hearing, to present witnesses on his behalf, to have legal assistance, to prepare a defense, or to appeal the decisions of the treatment team. Filing 12 at 18–19, 27. According to Jones, these accusations have caused an increase in the duration of his confinement, affected his "scoring levels," and caused privilege suspension without notice. Filing 12 at 18–19, 27.

On October 25, 2021, the defendants accused of violating Jones's substantive-due-process rights filed a Motion to Dismiss. Filing 56. That same day, the defendants accused of violating Jones's rights under the Fourth Amendment filed a Motion to Dismiss.[2] Filing 58. Jones has not filed a response to either motion.

### III. ANALYSIS

#### A. Standard of Review for Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs*

---

[2] Neither motion to dismiss addresses the procedural-due-process claim against defendants Kathy Herian, Rosetta McAllister, and Dawn Collins in their individual capacities.

*Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, but [is] not bound to accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' or legal conclusions couched as factual allegations." *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015) (citations omitted) (quoting *Iqbal*, 556 U.S. at 678). "When considering a Rule 12(b)(6) motion, the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Ashford v. Douglas Cnty.*, 880 F.3d 990, 992 (8th Cir. 2018) (quoting *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014)).

### B. Qualified Immunity Standard

"Qualified immunity shields officials from civil liability in § 1983 actions when their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Morgan v. Robinson*, 920 F.3d 521, 523 (8th Cir. 2019) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). Courts engage in a two-step inquiry when a party asserts qualified immunity: "(1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." *Id.* (quoting *Nord v. Walsh Cnty.*, 757 F.3d 734, 738 (8th

Cir. 2014)). Both questions must be answered affirmatively to defeat a defense of qualified immunity. *Id.* "And, courts are 'permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first.'" *Nord*, 757 F.3d at 738–39 (quoting *Pearson*, 555 U.S. at 236).

A right is clearly established if it is "sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (alteration in original) (internal quotation marks omitted) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). "[T]he longstanding principle" is that "'clearly established law' should not be defined 'at a high level of generality.'" *Morgan*, 920 F.3d at 523 (quoting *White v. Pauly*, 137 S. Ct. 548, 552 (2017)). Rather, "[T]he clearly established law must be 'particularized' to the facts of the case." *White*, 137 S. Ct. at 552 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "There need not be a case 'directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate.'" *Morgan*, 920 F.3d at 524 (quoting *Ashcroft*, 563 U.S. at 741). Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Id.* (quoting *Stanton v. Sims*, 571 U.S. 3, 6 (2013) (per curiam) (internal quotation marks omitted)). The plaintiff has the burden of showing that the law is clearly established. *Id.*

## C. Defendants Are Entitled to Qualified Immunity on Jones's Substantive-Due-Process Claim

Defendants argue that they are entitled to qualified immunity because Jones does not have a clearly established right or liberty interest in his scoring level and privileges, and qualified immunity therefore shields Defendants' alleged conduct of giving Jones low scores and restricting his privileges. Filing 57 at 16–18. The Court concludes that Defendants' conduct did not violate

6

clearly established law and they are therefore entitled to dismissal of the substantive-due-process claim on grounds of qualified immunity.

The treatment program at NRC requires patients to participate in activities such as "Reflections and Goal Setting," "Leisure Skills, "Exercise," "Goal Review," and other endeavors.[3] Filing 12-1 at 25. According to Jones, if he refuses to participate in these activities, Defendants revoke his privileges and lower his score level, which extends his confinement at NRC. Filing 12 at 16, 22. However, Jones has been involuntarily committed to NRC because the Nebraska Mental Health Board determined that he is a dangerous sex offender. Filing 12-1 at 14–15. After making this determination, the Nebraska Mental Health Board ordered that Jones undergo sex offender treatment. Filing 12-1 at 15. Pursuant to Nebraska law, Jones cannot be released until "it is shown . . . to the satisfaction of the [Nebraska Mental Health Board] that [Jones's] mental illness . . . has been successfully treated or managed . . . [or] a less restrictive treatment alternative exists." Neb. Rev. Stat. § 71-1219(2).

The Court finds nothing improper about Jones suffering adverse consequences for failing to participate in his treatment program. *See Karsjens v. Piper*, 845 F.3d 394, 410–11 (8th Cir. 2017) (holding that the actions taken by the managers of a sex offender treatment program did not violate the plaintiffs' substantive due process rights when the plaintiffs failed to show that the actions "were egregious, malicious, or sadistic as is necessary to meet the conscience-shocking standard"). A patient's failure to advance in his treatment from his own recalcitrance does not violate clearly established law. *Cf. Kansas v. Hendricks*, 521 U.S. 346, 368 n.4 (1997) ("[T]he States enjoy wide latitude in developing treatment regimens."). Accordingly, the Defendants

---

[3] Jones included NRC's treatment program schedule as an exhibit attached to his complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

named in the substantive-due-process claim are entitled to qualified immunity, and the Court grants their Motion to Dismiss.

### D. Defendants Are Entitled to Qualified Immunity on Jones's Fourth Amendment Unreasonable Search Claim

Defendants argue that they are entitled to qualified immunity on Jones's claim under the Fourth Amendment because searching a civilly committed sex offender's room and possessions outside his presence does not violate clearly established law. The Court agrees.

"[I]nvoluntarily civilly committed persons retain the Fourth Amendment right to be free from unreasonable searches that is analogous to the right retained by pretrial detainees." *Arnzen v. Palmer*, 713 F.3d 369, 372 (8th Cir. 2013) (internal quotation marks and citation omitted). To determine "reasonableness" in an institutional setting, a court must balance "the need for the particular search against the invasion of personal rights that the search entails." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). In applying the balancing test, a court must consider "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.* A court must defer to the judgment of institutional officials "unless the record contains substantial evidence showing their policies are an unnecessary or unjustified response to problems of institutional security." *Arnzen*, 713 F.3d at 373 (internal quotation marks and citation omitted).

Jones alleges that Defendants have violated his Fourth Amendment rights by searching his room outside his presence and searching his possession when NDHHS placed him at NRC. Filing 12 at 31, 34–35. As to the search of his room outside his presence, civilly committed persons "do not have a reasonable expectation of privacy in their . . . cells." *Arnzen*, 713 F.3d at 372. Thus, the searches of his room do not violate clearly established law. *See United States v. Hogan*, 539 F.3d

8

916, 923–24 (8th Cir. 2008) (holding that the defendants did not violate the plaintiff's fourth amendment rights by searching his jail cell after he threatened the jail captain); *United States v. Senty-Haugen*, No. 17-CR-182 (JNE/LIB), 2017 WL 6543824, at *13 (D. Minn. Nov. 21, 2017), *report and recommendation adopted*, No. 17-CR-182 (JNE/LIB), 2017 WL 6550674 (D. Minn. Dec. 21, 2017) (finding that the plaintiff, a civilly committed sex offender, had no reasonable expectation of privacy in his room); *Semler v. Ludeman*, No. CIV 09-0732 ADMSRN, 2010 WL 145275, at *22 (D. Minn. Jan. 8, 2010) (finding that random room searches at a sex-offender-treatment facility does not violate the Fourth Amendment).

Additionally, the search of Jones's possessions when he arrived at NRC did not violate clearly established law. To determine if a search was reasonable, the Court must balance the need for the search against the invasion of Jones's personal rights. *See Bell*, 441 U.S. at 559. As the Eighth Circuit recognizes, "[a]dministrators have a vital interest in ensuring the safety of their staff, other patients, and of course in ensuring the patients' own safety." *Morgan v. Rabun*, 128 F.3d 694, 697 (8th Cir. 1997). "Thus, 'the government may take steps to maintain security at its institutions' where sexually violent persons are confined." *Serna v. Goodno*, 567 F.3d 944, 953 (8th Cir. 2009) (quoting *Seibert v. Alt*, 31 F. App'x 309, 312 (7th Cir. 2002)). Searching Jones's possessions when he arrived at NRC serves the vital interest of ensuring staff and patient safety. The Eighth Circuit has found that far more invasive searches at sex-offender-treatment facilities were constitutional. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1030 (8th Cir. 2012) (holding that unclothed body searches of patients before they leave their facility's secure perimeter did not violate the Fourth Amendment); *Serna*, 567 F.3d at 955 (holding that body cavity searches of involuntarily committed individuals did not violate the Fourth Amendment). Therefore, the search of Jones's possessions when he arrived at NRC did not violate clearly established law.

### E. Jones Has Stated a Claim for Unlawful Seizure of his Property

Jones also claims that Defendants violated his Fourth Amendment rights when several of his legal materials and copies of his treatment program were missing after Defendants searched his property. Liberally construing his complaint,[4] Jones alleges that Defendants confiscated some of his legal materials and copies of his treatment program after searching his property. Defendants argue that they are entitled to qualified immunity. Filing 59 at 10–11. At this early stage procedurally, the Court concludes that it cannot adequately consider Defendants' defense of qualified immunity. Thus, the Court will deny the Fourth Amendment Defendants' Motion to Dismiss solely on Jones's Fourth Amendment unlawful seizure claim.

"To determine the constitutionality of a seizure [the Court] must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1034–35 (8th Cir. 2012) (quoting *Baribeau v. City of Minneapolis.*, 596 F.3d 465, 483 (8th Cir. 2010)). The need for patient safety and institutional security may justify a seizure of a civilly committed individual's property. See *id.* Removing materials that hinder a sex offender's treatment may also be lawful under the Fourth Amendment. See *Banks v. Jesson*, No. CV 11-1706 (MJD/JJK), 2012 WL 13094534, at *9 (D. Minn. Jan. 13, 2012), *report and recommendation adopted*, No. 11-CV-1706 (SRN/JSM), 2016 WL 3566207 (D. Minn. June 27, 2016) (finding that seizure of sexually explicit photographs from civilly committed sex offender did not violate the Fourth Amendment); *Banks v. Ludeman*, No. CIV. 08-5792 MJD JJK, 2010 WL 4822892, at *13

---

[4] Defendants argue that Jones has failed to state a Fourth Amendment claim because "missing some documents" does not constitute a Fourth Amendment violation and Jones made "no specific allegation that Kris Bo Simmons, or any other named Defendant, actually seized his legal documents." Filing 59 at 9–10. However, given that the Court must broadly construe a pro se litigant's complaint, *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014), the Court finds that Jones has adequately pled that Defendants seized his documents during a search of his property.

(D. Minn. Oct. 4, 2010), *report and recommendation adopted*, No. CIV. 08-5792 MJD JJK, 2010 WL 4822888 (D. Minn. Nov. 22, 2010) (finding that confiscation of catalog with salacious images did not violate the Fourth Amendment).

In *Beaulieu v. Ludeman*, the Eighth Circuit held that requiring sex offender patients to send televisions away amounted to a seizure under the Fourth Amendment. *See Beaulieu*, 690 F.3d at 1034. However, the court in *Ludeman* concluded that the seizure did not violate the Fourth Amendment because removing the televisions aided patient safety and institutional security. *Id.* at 1035. In this case, confiscating some of Jones's legal materials and copies of his treatment plan would amount to a seizure. *See id.* at 1034 ("A seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property." (quoting *Pepper v. Village of Oak Park*, 430 F.3d 805, 809 (7th Cir. 2005)). But unlike in *Ludeman*, the Court is unable to determine whether the circumstances justified the seizure of Jones's property. Therefore, the Court is unable at this time to determine if Defendants are entitled to qualified immunity on Jones's unlawful seizure claim. For this claim only, the Court denies in part the Fourth Amendment Defendants' Motion to Dismiss.

## IV. CONCLUSION

The Court concludes that Defendants are entitled to qualified immunity on Jones's claim relating to Substantive Due Process and grants their Motion to Dismiss. The Court further finds that the Defendants are entitled to qualified immunity against Jones's unlawful search claims under the Fourth Amendment. However, at this early stage procedurally, the Court is unable to evaluate whether Defendants are entitled to qualified immunity against Jones's claim that they unlawfully seized his property. Therefore, the Court grants in part and denies in part the Motion to Dismiss

relating to the Fourth Amendment claims. Thus, the only claims remaining in this case are Jones's procedural-due-process claim and his Fourth Amendment unlawful seizure claim. Accordingly,

IT IS ORDERED:

1. Defendants' Motion to Dismiss, Filing 56, is granted;

2. Defendants' Motion to Dismiss, Filing 58, is granted in part and denied in part;

3. Defendants Verlin Redlinger, Carol Ruge, Steve Lindstadt, Michelle Clark, Bonnie Bergland, Dayna Busch, Tracy Daake, Lisa Weible, Chrisotpher Luebe, Ryan Wills, Larry Sohler, Brittany Marker, Nancy Wragge, Security Specialist IIs on 3-East Unknown, Security Specialist IIs on 2-East Unknown, and Security Specialist IIs on 3-West Unknown are terminated from this case; and

4. Jones's sole remaining claims are a procedural-due-process claim against defendants Kathy Herian, Rosetta McAllister, and Dawn Collins in their individual capacities and a Fourth Amendment unlawful seizure claim against defendants Kris Boe Simmons, Security Team Members, Compliance Team Members, Kolten Newhalve, James Johnson, Matthew Lewis, Tyler Stender, Chris Newhaus, Hunter Lewis, Cameron Liewer, Edgar Olivan, Josh Dieterman, Corey Banks, Stephanie Owens, Don Whitmire, and Drew English in their individual capacities.

Dated this 2nd day of December, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge