## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

MARVEL JONES,

               Plaintiff,

    vs.

KATHY HERIAN; ROSETTA MCALLISTER,
R.N.; KRIS BOE SIMMONS; DAWN COLLINS;
HUNTER LEWIS; MATTHEW LEWIS;
SECURITY TEAM MEMBERS; COMPLIANCE
TEAM MEMBERS; KOLTEN NEUHAUS;
JAMES JOHNSON; TYLER STENDER; CHRIS
NEWHAUS; CAMERON LIEWER; EDGAR
OLIVAN; JOSH DIETERMAN; COREY BANKS;
STEPHANIE OWENS; DON WHITMIRE; and
DREW ENGLISH; in their individual capacities;

               Defendants.

8:20CV365

ORDER

This matter comes before the Court on Plaintiff's Second Motion for Appointment of Counsel (Filing No. 85). Plaintiff, pro se, is a civilly confined patient at Norfolk Regional Center in Norfolk, Nebraska, and filed this action for claimed violations of his federally protected rights. After initial review and Defendants' motion practice, Plaintiff's only remaining claims are (1) a Fourth Amendment unlawful seizure of property claim arising out of his allegation that NRC employees searched his cell and retained legal documents and personal effects without providing a search form and (2) a procedural-due-process claim arising out of his allegation that when he was accused of rule violations in three instances, he did not have the right to address the allegations and evidence against him at a disciplinary hearing, to present witnesses on his behalf, to have legal assistance, to prepare a defense, or to appeal the decisions of the treatment team. (Filing No. 60).

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted). Rather, pursuant to 28 U.S.C. § 1915(e), when an indigent prisoner has pleaded a nonfrivolous cause of action, a court "may" appoint counsel. *Id*; s*ee also Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) ("Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" (cleaned up)). In determining whether counsel should be appointed,

the Court considers "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794.

At this stage in the proceedings, the court does not deem it necessary to appoint counsel. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. The issues in Plaintiff's amended complaint are not particularly complex. As a civilly confined individual, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." See *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 5 (8th Cir. 2021) (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Therefore, having considered the factors above, Plaintiff's request for appointment of counsel will be denied without prejudice to reassertion as the case progresses. Accordingly,

**IT IS ORDERED** that Plaintiff's Second Motion for Appointment of Counsel (Filing No. 85) is denied, without prejudice.

Dated this 29th day of August, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

2