IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVEL JONES,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>KATHY HERIAN, et al., in their individual capacities only,<br><br>　　　　　　Defendants. | 8:20–CV–365<br><br><br>ORDER ON MOTION FOR EXTENSION OF TIME |

## I.　BACKGROUND

Plaintiff Marvel Jones, proceeding *pro se* in this action, has moved for a 15-day enlargement of time to file an opposition brief to Defendants' Motion for Summary Judgment. Filing 111 at 1. The Court received Jones' Motion on February 2, 2023. Filing 111 at 1. Defendants filed their Motion for Summary Judgment along with an accompanying brief on January 4, 2023. Filing 105 at 3. However, counsel for Defendants clarified in a later filing that because the United States Post Office was closed at the time, he "was unable to mail to documents to the non-CM/ECF pro se Plaintiff until January 5, 2023." Filing 110 at 1. Under this Court's local rules, Jones' opposition brief was due "within 21 days after the motion and supporting brief are filed and served." NECivR 7.1(b)(1)(B). Typically, this means that any opposition brief would have due on January 26, 2023. *See* Fed. R. Civ. P. 6(a)(1); NECivR 6.1(a)–(b). However, due to two specific rules that apply in this case, Jones' Motion is only untimely by one day rather than seven.

1

First, Rule 6(d) explains that when a party effectuates service by mail—as Defendants did in this case—an additional three days are added in computing the filing deadline. *See* Fed. R. Civ. P. 6(d); *see also* Fed. R. Civ. P. 5(b)(2)(C). Second, as Defendants acknowledge, Jones "is a civilly committed sex offender, currently housed at the Norfolk Regional Center in Norfolk ('NRC'), Nebraska, where he receives sex offender treatment." Filing 109 at 1. The so-called "prison mailbox rule" provides that "[a] pro se pleading is deemed filed upon deposit in the prison mail system prior to expiration of the filing deadline." *United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006); *see also*; *Sorensen v. Tidwell*, 114 F. App'x 266, 267 (8th Cir. 2004) (applying the prison mailbox rule to a civil complaint alleging a claim under 42 U.S.C. § 1983); *Semler v. Johnston*, No. 17–CV–2822 (ECT/LIB), 2019 WL 5854039, at *1 (D. Minn. Nov. 8, 2019), *aff'd*, 818 F. App'x 580 (8th Cir 2020) (noting that "[t]he Eighth Circuit has previously had occasion to apply the prison-mailbox rule only to inmates, but the majority of circuits to consider the question have also applied it to civilly committed individuals"). Therefore, this rule shifts the focus from when this Court received Jones' Motion (February 2, 2023) to when he placed it in the mail (January 31, 2023). *See* Filing 111 at 1, 3.

## II. LEGAL ANALYSIS

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In determining "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(B), courts consider four factors to be "particularly important." *Chorosevic*, 600 F.3d at 946. These four factors—which derive from the Supreme Court's decision in *Pioneer Inv. Servs. Co v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)—are: (1) the possibility of prejudice to the

2

non-moving party, (2) the length of the delay and the possible impact of that delay on judicial proceedings; (3) the moving party's reasons for delay, including whether the delay was within his reasonable control; and (4) whether the moving party acted in good faith. *Chorosevic*, 600 F.3d at 946; *see also Sugarbaker v. SSM Healthcare*, 187 F.3d 853, 856 (8th Cir. 1999). The Eighth Circuit has previously said that the "*Pioneer* factors do not carry equal weight" and that the reason-for-the-delay factor "will always be critical to the inquiry" and "must have the greatest import." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000).

As to the first *Pioneer* factor—prejudice to the Defendants—the Court concludes Defendants will not be prejudiced if the Court excuses Jones from missing the deadline to file an opposition to Defendants' Motion for Summary Judgment by one day. *Marquette Bus. Credit, Inc. v. Gleason*, No. 14-CV-00354-MJD-LIB, 2015 WL 5836323, at *4 (D. Minn. Oct. 6, 2015) (finding that one-day delay in filing a motion for attorney's fees did not cause prejudice). Accordingly, this factor weights in favor of Jones.

The second factor—the length of the delay and possible impact to judicial proceedings—also weighs in favor of Jones. Missing the filing deadline by one day will not have any possible impact on the judicial proceedings.

The third factor—the reasons for the delay and whether the delay was within the moving party's control—does not weigh in Jones' favor. Jones' Motion does not acknowledge that his extension request is untimely and he does not provide any specific reason why he missed the filing deadline. *See generally* Filing 111. However, the Court finds this factor not to be determinative given he only missed the deadline by one day.

The fourth and final factor—whether the moving party has acted in good faith—also weighs in Jones' favor. The Court finds no evidence Jones did not act in good faith as to trying to meet the deadline. *See Spirit Lake Tribe v. Jaeger*, 5 F.4th 849, 855 (8th Cir. 2021).

Additionally, the Court concludes Jones' request for additional time should be granted. *See* Filing 111 at 2. The Court notes that Defendants requested—and received—numerous enlargements of time to file dispositive motions in this case. *See e.g.*, Filing 78, Filing 83, Filing 87, Filing 90, Filing 92, Filing 95, Filing 97, Filing 101.

In addition to requiring excusable neglect, Fed. R. Civ. P. 6(b)(1) separately requires good cause in order to grant an enlargement of time. The need to establish good cause for extending a filing deadline applies whether the motion is timely or not. *See id*. The Court concludes that the good cause requirement is met in this case not only because there is a "judicial preference for adjudication on the merits," *Chorosevic*, 600 F.3d at 947, but also because Jones has averred that he is currently conducting research related to two other cases that he is presently involved in. *See* Filing 111 at 1. Accordingly, there is good cause to grant Jones' request for additional time to file his opposition to Defendants' Motion for Summary Judgment.

### III. CONCLUSION

For the foregoing reasons, the Court grants Jones' Motion for an Extension of Time in part. Jones requested in his Motion that he be allowed "15 days from February 4, 2023 until February 19, 2023." Filing 111 at 2. Because February 19, 2023, is a Sunday and the following Monday is a national holiday, the Court will grant Jones until Tuesday February 21, 2023, to submit his opposition to Defendants' Motion for Summary Judgment. Accordingly,

4

IT IS ORDERED that Jones' Motion for Extension of Time is granted in part. Jones' opposition to Defendants' Motion for Summary Judgment, Filing 104, must be submitted by Tuesday February 21, 2023.

Dated this 3rd day of February, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge